http://www.va.gov/vetapp16/Files5/1639928.txt

Citation Nr: 1639928 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 05-30 353 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma

THE ISSUE

Entitlement to service connection for leucopenia/leukemia, claimed as secondary to radiation/chemical exposure.

REPRESENTATION

Veteran represented by: Military Order of the Purple Heart of the U.S.A.

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

R. R. Watkins, Associate Counsel

INTRODUCTION

The Veteran served on active duty from March 1975 to March 1978.

This case originally came before the Board of Veterans' Appeals (Board) on appeal from a decision rendered by the Muskogee, Oklahoma Regional Office (RO) of the Department of Veterans Affairs (VA).

In June 2006, the Veteran testified at a hearing at the RO before a Veterans Law Judge at the Board of Veterans' Appeals. A transcript of the proceeding is of record. At that time the Veteran was represented by a Veterans' Service Organization (VSO). In December 2006, the Board issued a decision denying the claim for leucopenia/leukemia. The Board also denied a claim of service connection for tinnitus. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In December 2008, the parties to the appeal filed a Joint Motion for Partial Remand. (Therein, the parties abandoned any appeal with respect to the denial of service connection for tinnitus.) That same month, the Court granted the motion and vacated and remanded the matter to the Board.

In July 2009, the Board remanded the matter in order to comply with the terms of the Joint Motion for Partial Remand. In March 2010, after finding a lack of substantial compliance with its remand directive, the Board again remanded the matter to the RO. In October 2010, the RO issued a supplemental of the case in which it continued the denial of the claim.

In October 2010, the appellant, who was then represented by a private attorney, requested another hearing before the Board. In May 2011, the Board granted his request for a hearing. A videoconference hearing was conducted before a Veterans Law Judge and a Veterans Law Judge in August 2011.

In September 2011, the Board issued a decision denying the Veteran's service connection claim. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans' Claims (Court). In a May 2012 Order, the Court remanded the Board's decision pursuant to the terms of a Joint Motion for Remand (JMR) submitted by the parties. The issue was again remanded in April 2013 pursuant to the JMR. 

In June 2014, after finding a lack of substantial compliance with its remand directive, the Board again remanded the matter to the RO. In October 2014, the Board remanded the appeal to obtain outstanding service records to verify the Veteran's alleged in-service exposure to toxic chemical agents.

Since the law requires that the Veterans Law Judge who conducts a hearing on appeal must participate in any decision made on that appeal, this matter will be decided by a three member panel of Veterans Law Judges. 38 U.S.C.A. § 7102; 38 C.F.R. § 20.707.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. There is also a paperless, electronic record in the Virtual VA system. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In June 2006 and August 2011, the Veteran provided hearing testimony on the appeal. Unfortunately, the Veterans Law Judge that presided over the June 2006 hearing is unavailable to participate in a decision regarding this matter. The law requires that the Veterans Law Judge who conducts a hearing on an appeal must participate in any decision made on that appeal. 38 U.S.C. § 7107(c); 38 C.F.R. 
§ 20.707. In August 2016, the Board sent the Veteran a letter giving him the opportunity for an additional Board hearing. In September 2016, the Board received the Veteran's response indicating that he wished to have another Board videoconference hearing. 

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a videoconference hearing before a member of the Board. Notify the Veteran and his representative of the date and time of the hearing and record such notification, and any subsequent related communications, in the claims file.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

________________________ _______________________
 DAVID L. WIGHT THOMAS H. O'SHAY
 Veterans Law Judge Veterans Law Judge
 Board of Veterans' Appeals Board of Veterans' Appeals

__________________________
MICHAEL LANE
Veterans Law Judge
Board of Veterans' Appeals
Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).